# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS, | Case No. 1:16-cv-01393-LJO-SKO (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| PARKS, et al., | |
| Defendants. | (Doc. 1) |
| | THIRTY (30) DAY DEADLINE |

Plaintiff, Edward Thomas, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516 (2002).

In the Complaint, under each of his claims, Plaintiff checked the box that confirms there are administrative remedies available at his institution, and indicates that he submitted a request

for administrative relief on each of his claims. (Doc. 1, pp. 3-5.) However, Plaintiff neither checked whether he appealed his request for relief on each claim to the highest level, nor provided any explanation for failing to do so. (*Id.*) Thus, it appears Plaintiff filed suit prematurely without first exhausting in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .").

Accordingly, Plaintiff is HEREBY ORDERED to show cause within **thirty (30) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust administrative remedies prior to filing suit.

IT IS SO ORDERED.

Dated:   **December 2, 2016**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE