# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>PARKS, et. al.,<br><br>    Defendants. | Case No. 1:16-cv-01393-LJO-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**<br><br>**(Doc. 11)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff filed a motion seeking injunctive relief to require that he have "unobstructed, unhindered access to the courts and (sic) provided the necessary court forms and other legal papers, stationary, and legal size mailing envelopes, physical law library access for legal research, photocopying services and the right to assist other inmates with their legal matters and court filings of documents," that all retaliation and "acts of reprisal" against him be prohibited, and that order issue for his immediate transfer to California Men's Colony ("CMC"). (Doc. 11.)

As an initial matter and as stated in the recently issued screening order, Plaintiff has not stated a cognizable claim upon which relief may be granted. Thus, there is no actual case or controversy before the Court at this time and Court lacks the jurisdiction to issue the order sought by Plaintiff. *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1149 (2009); *Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1119 (9th Cir. 2009); 18 U.S.C. § 3626(a)(1)(A)). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Further, requests for prospective relief are limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court ensure the relief "is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least

1

intrusive means necessary to correct the violation of the Federal Right."

Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general or over Plaintiff's litigation issues. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969. The Court cannot order the California Department of Corrections to transfer Plaintiff to another facility.

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action. The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum. The seriousness of Plaintiff's accusations concerning his ability to pursue legal matters on his own behalf cannot and do not overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks.[1] However, the Litigation Office is requested to look into the matter to facilitate Plaintiff's access to writing materials provided for indigent inmates as well as his access to the law library and other legal resources to the extent necessary to allow Plaintiff to pursue his pending legal actions.[2]

Accordingly, the Court **HEREBY RECOMMENDS** that Plaintiff's motion for injunctive relief, filed on November 28, 2016, (Doc. 11), be **DENIED** for lack of jurisdiction; and the Clerk of the Court is directed to forward a copy of this order and Plaintiff's motion to the Litigation Office at California State Prison, Corcoran.

---

[1] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008). However, it is not necessary to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to his requests for relief. *Summers*, 555 U.S. at 493, 129 S.Ct. at 1149; *Mayfield*, 599 F.3d at 969.

[2] How access is best facilitated in light of Plaintiff's housing status and other custody or classification factors is left to the sound discretion of prison officials.

2

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 30 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **June 6, 2017**                          /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE