1
2
3
4
5 # UNITED STATES DISTRICT COURT

6 ## EASTERN DISTRICT OF CALIFORNIA

7

8 **Case No. 1:16-cv-01393-LJO-SKO (PC)**

9 **FINDINGS AND RECOMMENDATION
TO DENY PLAINTIFF'S SECOND MOTION
FOR INJUNCTIVE RELIEF**

10 EDWARD THOMAS,

        Plaintiff,

11 **(Doc. 19)**

    v.

12 **TWENTY-ONE (21) DAY DEADLINE**

PARKS, et. al.,

13 **and**

        Defendants.

14 **ORDER GRANTING THIRTY DAY EXTENSION
OF TIME TO FILE FIRST AMENDED
COMPLAINT**

15

16

17

18      Plaintiff filed a motion seeking an order directing the defendants and the law librarian to

19 provide him with copies of legal documents which he gave to "P. Ramos, Jr." over three weeks

20 ago, which Plaintiff needs to comply with this court's recent orders. (Doc. 19.) Plaintiff states

21 that Defendants M. Lirones and S. Parks are intentionally interfering with his access to the courts

22 and making him unable to file an amended pleading. (*Id.*) Plaintiff seeks an order to be provided

23 with his personal typewriter, typewriting supplies and accessories, and legal books which he

24 purchased for the purpose of litigating this and other civil matters. (*Id.*)

25      As an initial matter and as stated in both the recently issued screening order as well as the

26 findings and recommendations on Plaintiff's prior motion for injunctive relief, Plaintiff has not

27 stated a cognizable claim upon which relief may be granted. Thus, there is no actual case or

28 controversy before the Court at this time and Court lacks the jurisdiction to issue the order sought

by Plaintiff. *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1149 (2009); *Stormans, Inc. v.*

*Selecky,* 586 F.3d 1109, 1119 (9th Cir. 2009); 18 U.S.C. § 3626(a)(1)(A)). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Further, requests for prospective relief are limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court ensure the relief "is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general or over Plaintiff's litigation issues. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969. The Court cannot order prison staff to provide litigation supplies to Plaintiff.

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action. The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum. However, the seriousness of Plaintiff's accusations concerning his ability to pursue legal matters on his own behalf cannot and do not overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks.[1] However, the Litigation Office is requested to look into the matter and facilitate Plaintiff's access to the typewriter, supplies, and legal books which Plaintiff purchased for litigating this action as well as his access to the law library and other legal resources to the extent necessary to allow Plaintiff to pursue his pending legal actions.[2]

//

---

[1] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008). However, it is unnecessary to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to his requests for relief. *Summers*, 555 U.S. at 493, 129 S.Ct. at 1149; *Mayfield*, 599 F.3d at 969.

[2] How access is best facilitated in light of Plaintiff's housing status and other custody or classification factors is left to the sound discretion of prison officials.

The court notes that Plaintiff's first amended complaint is overdue. (*See* Doc. 17.) Although he has not requested an extension of time to do so, given the contents of this motion, Plaintiff is granted **thirty (30) days** from the date of service of this order to file a first amended complaint.

Accordingly, the Court **HEREBY RECOMMENDS** that Plaintiff's motion for injunctive relief, filed on June 22, 2017, (Doc. 19), be **DENIED** for lack of jurisdiction; and the Clerk of the Court is directed to forward a copy of this order and Plaintiff's motion to the Litigation Office at California State Prison, Corcoran.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court **HEREBY ORDERS** that Plaintiff is granted **thirty (30) days** from the date of service of this order to file a first amended complaint.

IT IS SO ORDERED.

Dated:   **July 12, 2017**                         */s/ Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE