# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>        Plaintiff,<br><br>v.<br><br>S. PARKS, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01393-LJO-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO STATE A CLAIM**<br><br>**(Doc. 17)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Edward Thomas, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 6, 2017, the Court issued an order finding that Plaintiff failed to state any cognizable claims, dismissing the Complaint, and granting Plaintiff leave to file a first amended complaint within thirty days. (Doc. 17.) Three months have now passed and Plaintiff has not filed a first amended complaint or otherwise responded to the Court's screening order.[1]

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a

---

[1] Plaintiff has filed a notice of appeal challenging denial of motions for injunctive relief. (*See* Doc. 24.) However, this Court retains jurisdiction over this action because no appeal lies from an order denying requests for injunctive relief. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986). This action shall, therefore, proceed without further delay.

1

court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** of the date of service of this order why the action should not be dismissed for his failure to state a claim and to comply with the Court's screening order (Doc. 17); alternatively, within that same time, Plaintiff may file a first amended complaint or a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated: **September 19, 2017**           /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE