# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>        Plaintiff,<br><br>    v.<br><br>S. PARKS, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01393-LJO-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY PLAINTIFF'S *IN FORMA PAUPERIS* STATUS SHOULD NOT BE REVOKED AND PLAINTIFF BE REQUIRED TO PAY THE FILING FEE**<br><br>**(Doc. 8)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Shortly after filing the complaint, Plaintiff filed an application to proceed *in forma pauperis*, which was granted. (Docs. 7, 8.)

"In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). The Court takes note that in *Thomas v. Felker, et al.*, 2:09-cv-02486 GEB CKD[1] (*Felker*, Doc. 64.), the Court found that order found that three dismissals of

---
[1] The Ninth Circuit held that Plaintiff's appeal thereon was so insubstantial as to not warrant further review and

1

| | |
|---|---|
| 1 | Plaintiff's previous actions qualified as strikes: *Thomas v. Terhune*, No. 1:03-cv-5467 (E.D. |
| 2 | Cal.), dismissed April 18, 2006 for failure to state a claim; *Thomas v. Terhune*, No. 06-15901 (9th |
| 3 | Cir.), first appeal of the dismissal of No. 1:03-cv-5467 (E.D. Cal.), dismissed on September 8, |
| 4 | 2006 for failure to prosecute after Plaintiff failed to both pay filing fees and show good cause why |
| 5 | the appeal should not be summarily affirmed;[2] *Thomas v. Lamarque*, No. 07-16437 (9th Cir.), |
| 6 | appeal of No. 3:03-cv-3873 (N.D. Cal.), Order of July 30, 2007, denying without prejudice |
| 7 | plaintiff's "various motions and requests challenging the conditions of his current confinement at |
| 8 | HDSP and seeking some sort of injunctive relief." The district court certified that plaintiff's |
| 9 | appeal of the order was "not taken in good faith" and revoked his IFP status. The Ninth Circuit |
| 10 | affirmed, based on its review of the record, that plaintiff was not entitled to IFP status for the |
| 11 | appeal. The Ninth Circuit dismissed the appeal for "failure to prosecute" on January 9, 2009, |
| 12 | after plaintiff failed to either pay the filing fees or oppose a motion to dismiss filed by defendants- |
| 13 | appellees.[3] Thus, Plaintiff had three strikes under §1915(g) before he filed this action on |
| 14 | September 20, 2016. |

The only way that Plaintiff may proceed *in forma pauperis* in this action is if his allegations show that he was under imminent danger of serious physical injury at the time it was filed. In this action, Plaintiff complains of events that occurred at the Substance Abuse Treatment Facility in Corcoran, California. However, Plaintiff's allegations in this action are largely based on difficulties with obtaining copies of legal documents he prepared for other inmates and his access to the law library as well as acts of harassment and retaliation which Plaintiff alleges violated his due process rights and hampered his access to the courts.

Plaintiff had three strikes under 28 U.S.C. §1915(g) before he filed this action. The allegations in this action do not establish that Plaintiff was facing imminent danger of serious

---

Plaintiff was not permitted to proceed. *See In re Edward Thomas*, No. 09-80085 (9th Cir.) filed September 6, 2012.
    [2] In *O'Neil v. Price*, 531 F.3d 1146, 1153-56 (9th Cir. 2008), the Ninth Circuit held that when an action is dismissed for failing to pay the filing fee ('failure to prosecute') after the court revokes a plaintiff's IFP status, the dismissal counts as a 'strike' under § 1915(g).) *See also Benyamini v. Mendoza*, 2012 WL 1378526 at *2 (E.D. Cal. 2012) ("[W]hen the appeal of a district court dismissal as frivolous is, itself, frivolous, then the appeal dismissal is also a strike."), citing *Adepegba v. Hammons*, 103 F.3d 383, 387-388 (5th Cir.1996).
    [3] The District Court held, under *O'Neil*, *supra*, 531 F.3d 1153-1156, that Plaintiff's appeal filed in *Thomas v. Lamarque*, No. 07-16437 (9th Cir.) constituted a third strike under § 1915(g).

physical injury at the time the Complaint was filed.

Accordingly, **within 21 days**, the plaintiff **SHALL** show cause in writing why his *in forma pauperis* status should not be revoked and that he be required to pay the filing fee in full; alternatively, Plaintiff may file a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated: **March 28, 2018**           **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE