# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. PARKS, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01393-LJO-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS AND TO DISMISS WITHOUT PREJUDICE**<br><br>**(Docs. 7, 8, 36)**<br><br>**21-DAY DEADLINE** |

Shortly after filing the complaint, Plaintiff filed an application to proceed *in forma pauperis*, which was granted. (Docs. 7, 8.) On March 28, 2018, an order issued noting that Plaintiff had three strikes under § 1915 prior to initiating this action and that his allegations do not meet the imminent danger of serious physical injury exception to be allowed to proceed *in forma pauperis* in this action. (Doc. 36.) That same order gave Plaintiff the opportunity to show cause why his *in forma pauperis* status should not be revoked. (*Id.*) Plaintiff requested and received an extension of time to file his response with which he complied. (Docs. 37-39.)

A prisoner may not proceed *in forma pauperis*:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

1

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). The Court takes judicial notice of the July 19, 2012 three strikes order from the Sacramento Division of this court, entered in *Thomas v. Felker, et al.*, 2:09-cv-02486 GEB CKD P.[1] (*Felker*, Doc. 64.) That order found three dismissals of Plaintiff's actions qualified as strikes: *Thomas v. Terhune*, No. 1:03-cv-5467 (E.D. Cal.), dismissed April 18, 2006 for failure to state a claim; *Thomas v. Terhune*, No. 06-15901 (9th Cir.), first appeal of the dismissal of No. 1:03-cv-5467 (E.D. Cal.), dismissed on September 8, 2006 for failure to prosecute after Plaintiff failed to both pay filing fees and show good cause why the appeal should not be summarily affirmed;[2] *Thomas v. Lamarque*, No. 07-16437 (9th Cir.), appeal of No. 3:03-cv-3873 (N.D. Cal.), order of July 30, 2007, denying without prejudice plaintiff's "various motions and requests challenging the conditions of his current confinement at HDSP and seeking some sort of injunctive relief." The district court certified that plaintiff's appeal of the order was "not taken in good faith" and revoked his IFP status. The Ninth Circuit affirmed, based on its review of the record, that plaintiff was not entitled to IFP status for the appeal. The Ninth Circuit dismissed the appeal for "failure to prosecute" on January 9, 2009, after plaintiff failed to either pay the filing fees or oppose a motion to dismiss filed by defendants-appellees.[3] Thus, Plaintiff had three strikes under §1915(g) before he filed this action on September 20, 2016. Consequently, to proceed *in forma pauperis*, Plaintiff must meet the exception to § 1915(g) by showing imminent danger of serious physical injury.

The exception under section 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time the action was filed. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the

---

[1] The Ninth Circuit held that Plaintiff's appeal thereon was so insubstantial as to not warrant further review and Plaintiff was not permitted to proceed. *See In re Edward Thomas*, No. 09-80085 (9th Cir.) filed September 6, 2012.

[2] In *O'Neil v. Price*, 531 F.3d 1146, 1153-56 (9th Cir. 2008), the Ninth Circuit held that when an action is dismissed for failing to pay the filing fee ('failure to prosecute') after the court revokes a plaintiff's IFP status, the dismissal counts as a 'strike' under § 1915(g).) *See also Benyamini v. Mendoza*, 2012 WL 1378526 at *2 (E.D. Cal. 2012) ("[W]hen the appeal of a district court dismissal as frivolous is, itself, frivolous, then the appeal dismissal is also a strike."), citing *Adepegba v. Hammons*, 103 F.3d 383, 387-388 (5th Cir.1996).

[3] The District Court held, under *O'Neil*, supra, 531 F.3d 1153-1156, that Plaintiff's appeal filed in *Thomas v. Lamarque*, No. 07-16437 (9th Cir.) constituted a third strike under § 1915(g).

complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the immanency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

Plaintiff's allegations in this action are based largely on difficulties with obtaining copies of legal documents he prepared for other inmates and his access to the law library as well as acts of harassment and retaliation which Plaintiff alleges violated his due process rights and hampered his access to the courts. Infringement of access to the courts, even if based on unconstitutional retaliatory motive, does not equate to imminent danger of serious physical injury.

Plaintiff raises and repeats various machinations of two meritless arguments in his response to the OSC. To begin with, Plaintiff argues that *Taylor v. DeLaTorre*, 281 F.3d 844 (9th Cir. 2002) holds that a prisoner's civil action may not be dismissed for failure to pay the initial filing fee. (Doc. 39, pp. 3-4.) However, in *Taylor* the Ninth Circuit reversed and remanded dismissal by the trial court that violated the "safety-valve" provision of section 1915(b)(1)-(4) which authorizes district courts to collect partial filing fees only "when funds exist." *Taylor*, 281 F.3d at 850, citing 28 U.S.C. § 1915(b)(1); *Hampton*, 106 F.3d at 1284 (stating that the "payment of this fee is made only when funds exist"). Accordingly, when no funds exist, a district court is not authorized to dismiss an action as a sanction for the inmate plaintiff's failure to pay the initial fee. *Taylor,* at 850 (citing 28 U.S.C. § 1915(b)(4)).

Under the PLRA all prisoners who file IFP civil actions must pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). For prisoners unable to pay the filing fee at the time of filing, the statute provides for the assessment and, "when funds exist," the collection of an initial fee equal to 20 percent of the greater of the prisoner's average monthly account balance or monthly deposits for "the 6-month period immediately preceding the filing of the complaint or notice of appeal." *Id*. After payment of the initial fee, the prisoner must make monthly payments equal to 20 percent of the preceding month's income credited to the account to be forwarded when the prisoner's account balance exceeds ten dollars. 28 U.S.C. § 1915(b)(2). Whether funds exist for Plaintiff to make a monthly payment is not at issue here. The issue is whether Plaintiff's

allegations show imminent danger to meet the exception of section 1915 upon which to be allowed to proceed *in forma pauperis* in this action.

Plaintiff also argues that his *in forma pauperis* status should not be revoked because the courts in his prior actions, which are herein counted as strikes, never notified him of the potential applicability of 28 U.S.C. §1915(g). However, no such notice is required. In fact, the Second Circuit Court of Appeal has held "that it [is] error for the [dismissing] court to enter such a strike," instructing that "courts should not issue these strikes one by one, in their orders of judgment, as they dispose of suits that may ultimately - upon determination at the appropriate time - qualify as strikes under the terms of § 1915(g)." *Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004). That holding was premised on the rationale that:

> [t]he designation of strikes has no practical consequences until a defendant in a prisoner's lawsuit raises the contention that the prisoner' suit or appeal may not be maintained in forma pauperis pursuant to 28 U.S.C. § 1915 because the prisoner has accumulated three strikes. At that time, because a practical consequence turns on the answer to the question, a court will need to determine whether the prisoner should be charged with three strikes. Litigation over the issue at an earlier juncture would involve the courts in disputes that might never have any practical consequence. The resolution of such disputes is not a proper part of the judicial function.

*Id.* (quoting *Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999). *See also Andrews v. King*, 398 F.3d 1113, 1119 n. 8 (9th Cir. 2005) (noting that district courts are not even required to determine whether the prisoner's case is frivolous, malicious or fails to state a claim and therefore will count as a future strike under § 1915(g)); *Shabbazz v. Fischer*, No. 9:11-cv-0916 (TJM/ATB), 2012 WL3241653, at *1 (N.D.N.Y Aug. 7, 2012) ("In other words, a strike may not be assessed at the same time that the action or appeal is dismissed. Instead, it is up to a later judge to determine, when the time is right, whether three previously dismissed actions or appeals might constitute strikes."); *Pough v. Grannis*, 08cv1498-JM (RBB), 2010 WL 3702421, at *13 (S.D. Cal. July 16, 2010) (denying defendants' request that the court designate a dismissal as a strike under § 1915(g) at the time of dismissal). Further, the Court finds Plaintiff's argument, that he had no notice of the imposition of strikes until the OSC issued in this case, disingenuous. This is particularly so in light of the orders finding strikes that issued in 2012 in *Felker*. (*See Felker*,

Docs. 62, 64.)

Finally, though his response to the OSC was forty-one pages in length, Plaintiff specifically declined to address the finding that his allegations in this action fail to meet the imminent danger exception of section 1915(g). (Doc. 39, p. 11.) As noted previously, Plaintiff's allegations in this action are premised on his difficulties obtaining copies of legal documents he prepared for other inmates, Plaintiff's access to the law library, and acts of harassment and retaliation which Plaintiff alleges violated his due process rights and hampered his access to the courts. Infringement of access to the courts, even if based on unconstitutional retaliatory motive, does not equate to imminent danger of serious physical injury. Hence, Plaintiff does not show that he faced imminent danger of serious physical injury at the time he filed this action to meet the exception of § 1915(g). Since Plaintiff had three strikes prior to filing this action and does not meet the imminent danger exception, his *in forma pauperis* status should be revoked.

Accordingly, the Court **RECOMMENDS** that Plaintiff's *in forma pauperis* be revoked and that he be required to pay the $400 filing fee in full to proceed in this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 21, 2018**              /s/ Jennifer L. Thurston
                                   UNITED STATES MAGISTRATE JUDGE