# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>              Plaintiff,<br><br>    v.<br><br>PARKS, et al.,<br><br>              Defendants. | **Case No. 1:16-cv-01393-LJO-JLT (PC)**<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS, AND REQUIRING PAYMENT OF FILING FEE**<br><br>**(Docs. 8, 40)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

      Plaintiff, Edward Thomas, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On May 21, 2018, the Magistrate Judge issued a Finding and Recommendation ("the F&R") to revoke Plaintiff's *in forma pauperis* status, finding that he was barred under 28 U.S.C. §1915(g) since Plaintiff had three strikes prior to the filing of this action and failed to show that he was in imminent danger of serious physical injury at the time he filed suit. (Doc. 40.) This was served on Plaintiff and contained notice that objections to the F&R were due within twenty-one days. (*Id.*) Plaintiff requested an extension of time after which he filed objections. (Doc. 43.)

/ / /

1

In his objections, Plaintiff contends that only one dismissal of his actions prior to filing this action count as a strike under § 1915. However, Plaintiff fails to identify both which case he admits was a strike and the reasons why he feels the other actions noted in the F&R should not count as strikes. Instead, he complains that he is already making payments on this action, but his case has not been screened. Yet, while the trust account statement Plaintiff submitted shows the filing fee in this action as an owed obligation, it does not reflect any actual payments toward it. (Doc. 43, pp. 14, 15.) Further, Plaintiff's complaint was screened and found to not to state a cognizable claim over a year ago. (*See* Doc. 17.) However, it has lingered at the screening stage because of multiple extensions of time which have been granted Plaintiff both to file the First Amended Complaint and to respond to various orders (*see* Docs. 20-22, 29, 30, 37, 38, 41, 42).

Plaintiff also argues that he should be allowed to proceed merely because his case is meritorious. Yet this is not the standard. As was accurately stated in the F&R, prisoners may not bring a civil action under 28 U.S.C. §1915(g) if they have, on three or more prior occasions, while incarcerated or detained, brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. Such dismissals are colloquially referred to as "strikes." As also accurately noted in the F&R, Plaintiff had at least three strikes[1] under section 1915(g) prior to filing this action. Thus, Plaintiff may only proceed under section 1915(g) if his allegations meet the imminent danger of serious physical injury exception.

The Ninth Circuit has stated that "requiring a prisoner to 'allege [ ] an ongoing danger' . . . is the most sensible way to interpret the immanency requirement." *Andrews v. Cervantes*, 493

---

[1] *See Thomas v. Felker, et al.,* 2:09-cv-02486 GEB CKD P.1 (*Felker*, Doc. 64.) That order found three dismissals of Plaintiff's actions qualified as strikes: *Thomas v. Terhune*, No. 1:03-cv-5467 (E.D. Cal.), dismissed April 18, 2006 for failure to state a claim; *Thomas v. Terhune*, No. 06-15901 (9th Cir.), first appeal of the dismissal of No. 1:03-cv-5467 (E.D. Cal.), dismissed on September 8, 2006 for failure to prosecute after Plaintiff failed to both pay filing fees and show good cause why the appeal should not be summarily affirmed; *Thomas v. Lamarque*, No. 07-16437 (9th Cir.), appeal of No. 3:03-cv-3873 (N.D. Cal.), order of July 30, 2007, denying without prejudice plaintiff's "various motions and requests challenging the conditions of his current confinement at HDSP and seeking some sort of injunctive relief." The district court certified that plaintiff's appeal of the order was "not taken in good faith" and revoked his IFP status. The Ninth Circuit affirmed, based on its review of the record, that plaintiff was not entitled to IFP status for the appeal. The Ninth Circuit dismissed the appeal for "failure to prosecute" on January 9, 2009, after plaintiff failed to either pay the filing fees or oppose a motion to dismiss filed by defendants-appellees.

F.3d 1047, 1056 (9th Cir.2007), citing *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.2003). *Andrews* held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is ongoing. *See Andrews* at 1053. Plaintiff argues that interference with his and others' (through his assistance) access to the court that he complains of in this action qualifies as "actual or imminent injury" upon which he should be allowed to proceed *in forma pauperis*. Plaintiff errantly asserts that events which meet the "actual or imminent injury" requirement for injunctive relief satisfy the imminent danger requirement under the PLRA. However, Plaintiff provides no legal authority for this premise and the Court finds none.

As found in the F&R, Plaintiff's allegations in this action are based largely on difficulties with obtaining copies of legal documents he prepared for other inmates and his access to the law library as well as acts of harassment and retaliation which Plaintiff alleges violated his due process rights and hampered his access to the courts. Infringement of access to the courts, even if based on unconstitutional retaliatory motive, does not equate to imminent danger of serious physical injury under section 1915(g).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the F&R to be supported by the record and by proper analysis. Plaintiff does not satisfy the imminent danger exception to section 1915(g). *See Andrews*, 493 F.3d at 1055-56. Therefore, Plaintiff must pay the $400.00 filing fee if he wishes to litigate the claims he raises in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. the Finding and Recommendation, filed May 21, 2018 (Doc. 40), is adopted in full;
2. the order that issued on September 23, 2016 (Doc. 8), granting Plaintiff's application to proceed *in forma pauperis* in this action is vacated;
3. the Clerk of the Court is directed to send a copy of this order to the CDCR to reverse the entry in Plaintiff's trust account of a balance owed in this action upon which payment withdrawals are to be made;

4. within twenty-one days from the date of service of this order, Plaintiff is required to pay the $400.00 filing fee for this action in full; and

5. Plaintiff's failure to comply with this order shall result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **September 13, 2018**      **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE