# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PARKS, et al.,<br><br>　　　　Defendants. | **Case No. 1:16-cv-01393-JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS BASED ON PLAINTIFF'S FAILURE TO OBEY THE COURT'S ORDER AND TO PAY THE FILING FEE**<br><br>**(Doc. 49)**<br><br>**21-DAY DEADLINE** |

The Court revoked Plaintiff's *in forma pauperis* status because he had "three strikes" before he initiated this action and his allegations do not meet the imminent danger of serious physical injury exception under 28 U.S.C. § 1915(g). (Docs. 40, 44.) The Court ordered Plaintiff to pay the filing fee within 21 days, but he did not. Instead, Plaintiff appealed the order revoking his *in forma pauperis* status. (Doc. 45.) A little over a month later, the Ninth Circuit dismissed Plaintiff's appeal finding it "so insubstantial as to not warrant further review." (Doc. 48.) Thereafter, the Court ordered Plaintiff to pay the filing fee. (Doc. 49.) He did not.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of*

1

*Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

A civil action may not proceed absent the submission of either the filing fee or an approved application to proceed *in forma pauperis*. 28 U.S.C. §§ 1914, 1915. Based on Plaintiff's ineligibility to proceed *in forma pauperis* and his failure to comply with the Court's order to pay the filing fee in full, dismissal is appropriate. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110.

Accordingly, the Court **RECOMMENDS** that this action be **DISMISSED** based on Plaintiff's failure to obey the Court's order to pay the $400.00 filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 17, 2018**__          _____/s/ Jennifer L. Thurston__
                                                                 UNITED STATES MAGISTRATE JUDGE